UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>R AND D STRATEGIC SOLUTIONS, LLC,<br><br>*Defendant.* | Civil Action No.: _____<br><br>**CLASS-ACTION COMPLAINT** |

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 1 9 2012 ★

BROOKLYN OFFICE

CV 12 - 1368

IRIZARRY, J.
POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1.      Plaintiff, Todd C. Bank, brings this action individually and as a class action on behalf of all persons and entities to which Defendant, R and D Strategic Solutions, LLC, transmitted one or more electronic-mail advertisements whose subject line or body was deceptive.

2.      Plaintiff's claims arise under the Regulation of Business Practices for Consumers Protection, Mass. Gen. Laws ch. 93A. Plaintiff seeks, individually and on behalf of the Members of the Class, injunctive relief, liquidated damages, legal fees, and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4.      The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

6.      Plaintiff, Todd C. Bank ("Bank"), was and is, at all relevant times herein, a citizen of the State of New York and a resident of the Eastern District of New York.

7.      Defendant, R and D Strategic Solutions, LLC ("R and D"), was and is, at all relevant times herein, a limited-liability company organized and existing under the laws of Delaware, and maintains its principal place of business at 5315-B FM 1960 West, #126, Houston Texas 77069. R and D is a citizen of Delaware and Texas.

## FACTS

8.      On or about December 6, 2011, R and D, through a third party, sent an electronic-mail ("R and D e-mail") to Bank, a copy of which is annexed hereto as Exhibit "A."

9.      The R and D e-mail was an advertisement for services provided by R and D.

10.     The R and D e-mail was sent from Massachusetts.

11.     Plaintiff received the R and D e-mail in this District.

12.     The subject line of the R and D e-mail was: "Surrogate jurors in online study find corporate greed likely in products liability cases."

13.     The subject line of the R and D e-mail was deceptive because neither the body of the R and D e-mail nor the webpage to which the R and D e-mail contained a hyperlink concerned that which the subject line indicated, *i.e.*, "Surrogate jurors in online study find corporate greed likely in products liability cases."

14.     The body of the R and D e-mail stated, in part: "I'm following up on a call I made to you several days ago."

15.     The body of the R and D e-mail was deceptive because the aforementioned telephone call had not been made.

16.     Upon information and belief, during the four-year period prior to the commencement of this action, R and D sent, or caused to be sent, at least sixty-seven thousand e-mail advertisements that were deceptive in a similar manner to that which is set forth in paragraphs 12 and 13 herein.

either one or both of the ways in which the R and D e-mail was deceptive.

17.     Upon information and belief, during the four-year period prior to the commencement of this action, R and D sent, or caused to be sent, at least sixty-seven thousand electronic-mail advertisements that were deceptive in a similar manner to that which is set forth in paragraphs 14 and 15 herein.

18.     R and D willfully and knowingly engaged in the aforementioned deception in its e-mail advertisements.

## COUNT I

19.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" inclusive of this Complaint as if fully set forth herein.

20.     The sending by Defendant of an e-mail advertisement that was deceptive in a similar manner to that which is set forth in paragraphs 12 and 13 herein constitutes a violation of Mass. Gen. Laws ch. 93A, § 2(a).

21.     The sending by Defendant of an e-mail advertisement that was deceptive in a similar manner to that which is set forth in paragraphs 14 and 15 herein constitutes a violation of Mass. Gen. Laws ch. 93A, § 2(a).

22.     Each violation of Mass. Gen. Laws ch. 93A, § 2(a) by Defendant, as set forth in paragraphs 20 and 21 herein, is separately actionable.

23.     Based upon the foregoing, Plaintiff and the other Members of the Class are each entitled to:

       (1)     pursuant to Mass. Gen. Laws ch. 93A, §§ 9(1) and 9(3), $25 per violation of Mass. Gen. Laws ch. 93A, § 2(a);

       (2)     pursuant to Mass. Gen. Laws ch. 93A, § 9(3), an additional $25 to $50 per violation if such violations were committed

willfully or knowingly;

(3) pursuant to Mass. Gen. Laws ch. 93A, § 9(1), such equitable relief, including an injunction, as the Court deems to be necessary; and

(4) pursuant to Mass. Gen. Laws ch. 93A, § 9(4), reasonable legal fees and costs.

## CLASS ALLEGATIONS

24. Bank brings this action individually, and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

25. The class does not include R and D and its officers, employees, and representatives, and such individuals' families.

26. The class period begins four years prior to the commencement of this action and continues until the resolution of this action.

27. The class is defined as follows:

all persons and entities to which R and D, beginning four years prior to the commencement of this action and continuing until the resolution of this action, sent, or caused to be sent, one or more electronic-mail advertisements whose subject line or body was deceptive in a manner similar to the electronic-mail advertisement that Defendant sent to Plaintiff

28. The Members of the Class are so numerous that joinder of all Members is impracticable.

29. There are more than 67,000 individuals and entities whose claims are similar to Bank's claims, which are typical of the claims of the Members of the Class.

30. Bank would fairly and adequately protect the interests of the Class. Bank's interests, for purposes of this litigation, are coincident with the interests of the other Members of the Class and are not, in any way, antagonistic to, or in conflict with, the other Members of the Class.

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members of the Class is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

32.     Common questions of law and fact predominate over questions that affect only individual Members of the Class, among which are:

      (i)     whether R and D sent, or caused to be sent, one or more e-mail advertisements;

      (ii)    whether the e-mail advertisements that R and D sent, or caused to be sent, were deceptive in either the subject line or the body; and

      (iii)   whether the recipient of a deceptive e-mail advertisement that R and D sent, or caused to be sent, is entitled to obtain the relief that is authorized by Mass. Gen. Laws ch. 93A;

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands Judgment against Defendants as follows:

(a)     Awarding Plaintiff and the Members of the Class, pursuant to Mass. Gen. Laws ch. 93A, §§ 9(1) and 9(3), $25 per violation of Mass. Gen. Laws ch. 93A, § 2(a);

(b)     Awarding Plaintiff and the Members of the Class, pursuant to Mass. Gen. Laws ch. 93A, § 9(3), an additional $25 to $50 per violation of Mass. Gen. Laws ch. 93A, § 2(a) if such violations were committed willfully or knowingly;

(c)     Awarding Plaintiff and the Members of the Class, pursuant to Mass. Gen. Laws ch. 93A, § 9(1), such equitable relief, including an injunction, as the Court deems to be necessary;

(d)     Awarding Plaintiff and the Members of the Class, pursuant to Mass. Gen. Laws ch.

93A, § 9(4), reasonable legal fees and costs; and

  (e) Awarding Plaintiff and the Members of the Class such other and further relief as permitted by law.

Dated: March 15, 2012

             Yours, etc.,

             TODD C. BANK
             119-40 Union Turnpike
             Fourth Floor
             Kew Gardens, New York 11415
             (718) 520-7125
             TB 6825

             Plaintiff *Pro Se*

             TODD C. BANK