```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TODD C. BANK, pro se, Individually and on      :
Behalf of All Others Similarly Situated,       :
                                               :
                        Plaintiff,             :
                                               :
            -against-                          :
                                               :
R AND D STRATEGIC SOLUTIONS, LLC,              :
                                               :
                        Defendant.             :
------------------------------------------------------------ x
```

**SUMMARY ORDER**
12-CV-01368 (DLI) (VMS)

**DORA L. IRIZARRY, U.S. District Judge:**

Todd C. Bank, an attorney appearing *pro se* ("Plaintiff"), brings this action individually and as a class action against R and D Strategic Solutions, LLC ("Defendant"). (Class Action Compl. ¶ 1, Docket Entry No. 1.) The Class Action Complaint alleges that Defendant transmitted a deceptive electronic mail advertisement to Plaintiff in violation of Massachusetts General Laws Chapter 93A ("Regulation of Business Practices for Consumers Protection"). (Class Action Compl. ¶¶ 2, 8-16.) The Class Action Complaint also contains class allegations and a proposed class definition; however, Plaintiff has not yet moved to certify the purported class. Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), Defendant moves to dismiss the action solely on the basis that Plaintiff, acting on a *pro se* basis, cannot serve as representative of the purported class.[1] (*See* Mem. of Law in Supp. of Def., R&D Strategic Solutions, LLC's, Mot. to Dismiss Pl. Compl., Docket Entry No. 5.) For the reasons set forth below, Defendant's motion is denied.

It is well settled that a *pro se* plaintiff may not represent the interests of third parties. *See*

---

[1] Defendant concedes that it does not challenge the viability of Plaintiff's individual claim. (Def. Mem. at 3 n.2 ("[T]he validity of Plaintiff's claims and the applicable law for such claims are not the subject of this motion. [Defendant] is simply seeking dismissal of Plaintiff's class claims as a matter of well-settled law.").)

*Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Additionally, "a *pro se* class representative cannot adequately represent the interests of other class members." *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (citation and internal quotations omitted). Nonetheless, in *Steinberg v. Nationwide Mutual Insurance Company*, 224 F.R.D. 67 (E.D.N.Y. 2004), this court certified a class where the plaintiff had commenced the action on a *pro se* basis, but subsequently retained counsel prior to moving for class certification. *Id.* at 75-76 ("Because the plaintiff is no longer seeking to serve as class counsel, there is no longer any argument that his prior role as *pro se* litigant conflicts with his future role as class representative."); *see also Bank v. Caribbean Cruise Line, Inc.*, No. 11-cv-2744 (E.D.N.Y. Sept. 9, 2011), Docket Entry No. 23 (denying defendant's Rule 12(b)(6) motion to dismiss class action complaint filed by *pro se* plaintiff).

Here, Defendant seeks dismissal under Rule 12(b)(6) solely on the basis that Plaintiff, by appearing *pro se*, cannot satisfy the adequacy of representation requirement set forth in Rule 23(a)(4).[2] However, this action is still in the pleading stage; Plaintiff has not yet moved for class certification, nor has Plaintiff indicated that he intends to seek appointment as counsel to the putative class. (*See* Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss the Compl. Pursuant to Rule 12(b)(6) at 5, Docket Entry No. 8.) Accordingly, the Court declines to address Defendant's arguments concerning the adequacy of representation requirement at this stage, as those arguments are more properly considered upon a motion for class certification under Rule 23.

---

[2] "[The adequacy of representation] inquiry, in part, considers the competency of class counsel and the existence of conflicts that might impair its representation." *Seijas v. Republic of Argentina*, 606 F.3d 53, 57 (2d Cir. 2010).

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
         March 20, 2013

                                                          _____/s/_____
                                                                  DORA L. IRIZARRY
                                                              United States District Judge